# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Molly Woll,<br><br>    Plaintiff,<br><br>v.<br><br>West Publishing Corporation,<br><br>    Defendant. | File No. 19-CV-295-KMM<br><br>**ORDER APPROVING SETTLEMENT** |

  This matter is before the Court on the parties' joint motion for approval of settlement. (ECF No. 24.) For the reasons set forth below, the Court finds that this motion should be GRANTED.

  Plaintiff Molly Woll alleged violations of the Fair Labor Standards Act (FLSA), the Minnesota FLSA, and Minn. Stat. § 181.13 against her former employer, the defendant West Publishing Corporation ("West"). After Ms. Woll had left the organization, West reclassified many positions, including Ms. Woll's former one, as non-exempt and voluntarily offered backpay for overtime hours worked in the previous two years. Ms. Woll submitted her hours, but then commenced the current action while West was in the process of verifying her hours. Ms. Woll sought additional payment of 1.5 times her hourly rate for all overtime hours she submitted, as opposed to the .5 times the hourly rate offered by West to all newly non-exempt employees. She also demanded liquidated damages.

  West asserted that Ms. Woll's method of calculating overpay was incorrect, and that the "fluctuating workweek" method was appropriate, resulting in the .5 times the hourly rate calculation. West also opposed liquidated damages. A settlement conference was held before the undersigned on July 10, 2019, where the case was settled. Because it is an open question in this Circuit whether judicial approval is necessary for private FLSA settlements, *see Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018), the parties, in an abundance of caution, chose to submit the settlement to this Court for approval.

A court reviews a proposed FLSA settlement agreement to ensure: (1) a bona fide dispute under the FSLA exists; and (2) the settlement represents a fair and reasonable solution to that dispute. *Johnson v. Thomson Reuters*, No. 18-cv-70 (PJS/HB), 2019 WL 1254565 at *2 (D. Minn. Mar. 19, 2019). The Court finds both requirements are met here.

A bona fide dispute exists if issues are actually in dispute. *Stainbrook v. Minnesota Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017). The Court notes at least three issues in dispute here. First, the parties disputed the number of overtime hours Ms. Woll worked during the applicable two-year period. Second, the parties disagreed about which method should be used to calculate overtime damages. Third, the parties did not agree about whether liquidated damages were appropriate in this case. Based on these issues, the Court determines that a bona fide dispute under the FLSA existed in this case.

The Court next must consider whether the settlement is fair and reasonable. It does so by looking to many factors, including the stage of litigation, the amount of discovery exchanged, the probability of the plaintiff's success on the merits, the experience of counsel, any overreaching by the employer in the settlement negotiations, and whether the settlement is the product of arm's length negotiations between represented parties. *Stainbrook*, 239 F. Supp. 3d at 1126. When making a fairness determination, the Court must "be mindful of the strong presumption in favor of finding a settlement fair." *Netzel v. West Shore Group, Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955 at *2 (D. Minn. May 8, 2017) (quotation omitted). The Court has carefully reviewed the settlement agreement in this case, but because it is confidential, will not recite the specifics here. The Court finds that it is a fair and reasonable resolution to the dispute. In finding so, the Court is mindful that the parties were represented by experienced counsel and negotiated at arm's length during a settlement conference mediated by the undersigned.

Accordingly, IT IS HEREBY ORDERED that the Joint Motion for Settlement Approval (ECF No. 24) is GRANTED.

Date: August 23, 2019      *s/Katherine Menendez*
                            Katherine Menendez
                            United States Magistrate Judge